#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF SULLIVAN, JULY TERM,

#### A. D. 1837.

---

## AMASA EDES *vs.* ZIBA DURKEE, Administrator.

When a defendant dies, and it is decreed by the judge of probate that his estate be administered in the insolvent course, the suit is to be discontinued, although goods and estate may have been attached by virtue of the original writ.

THE plaintiff in this case brought an action of assumpsit against Moses P. Durkee, and caused his estate to be attached by virtue of the original writ, which was returnable to the court of common pleas in the county of Sullivan, at October term, 1836. After the service of the writ, and previous to the said October term of the common pleas in said county of Sullivan, the said Moses P. Durkee died, and this defendant was appointed administrator of his estate. And the said estate having been decreed by the judge of probate to be administered in the insolvent course, and being in fact greatly insolvent, the defendant appeared at the said October term, and moved that the action be dismissed ; and this motion was referred to the decision of this court.

*Edes, pro se.* This action was pending in the court of common pleas when Moses P. Durkee died. 4 *N. H. R.* 385, *Clindenin* vs. *Allen.*

In such a case the writ does not abate by the death of the defendant ; but his administrator may be made a party to the suit.

And the statute of January 2, 1829, section 24, provides that " in all cases where any party shall die, and the cause ' of action by law survives and is prosecuted by or against ' the executors or administrators, the attachment made on ' the original writ shall be and remain good, in the same ' manner as though such party had not died."

It is true, that the statute of July 2, 1822, provides that no action against any executor or administrator of an insolvent estate shall ever be sustained otherwise than in that act is provided. And if any action shall be commenced against any executor or administrator of such estate, it shall be discontinued when the estate is represented insolvent. But this provision is altered by the said provision in the statute of January 2, 1829, to which I have above referred.

In Massachusetts it has been decided, that a suit does not abate by a representation of insolvency, 15 *Mass. R.* 312, *Moore* vs. *Eames.*

*Handerson,* for the defendant. The law of this case seems to us to be settled by the case of *Clindenin* vs. *Allen,* 4 *N. H. R.* 385.

But it is contended, that the statute of 1822, relating to actions against insolvent estates, is modified by the statute of 1829. But we apprehend that the provisions of the two statutes stand well enough together. The statute of 1829 saves all attachments where the suit is prosecuted against executors or administrators. But the statute of 1822 declares that when the estate is represented as insolvent, and decreed to be administered in that course, the action shall be no farther prosecuted, but be dismissed.

RICHARDSON, C. J., delivered the opinion of the court.
This case is settled by the case of Clindenin vs. Allen,

to which we have been referred, unless the statute of January 2, 1829, section 24, has altered the law. The provision in that act which is argued to have the effect of changing the law, is in the words following :

" And in all cases where any party shall die, and the cause ' of action by law survives and is prosecuted by or against ' the executors or administrators, the attachment made on ' the original writ shall be and remain good, in the same ' manner as though such party had not died."

It so happens that the statute of February 9, 1791, entitled an act regulating process and trial in civil causes, which remained in force until the said statute of January 2, 1829, was passed, had just such a provision in it. We have, therefore, the strongest reason to believe that this last statute was not intended to change the law in this respect.

But however this may be, there is no repugnance between the provision in the statute of 1822, and that in the statute of 1829.

The statute of 1822 provides that when an estate has been decreed to be administered in the insolvent course, all actions shall be dismissed and no further prosecuted.

The statute of 1829 provides that in all cases where a party dies, and the cause is prosecuted against his executor or administrator, the attachment shall remain good.

There is nothing inconsistent in the two statutes. In all cases where the action can be prosecuted, the attachment is to remain good. But when the estate is administered in the insolvent course, the action cannot be prosecuted.

The circumstance that the estate is administered in the insolvent course does not directly dissolve the attachment. 6 *N. H. R.* 459, *Bowman* vs. *Stark.*

But when an estate is so administered, all actions are to be dismissed, and in this way any attachments that may have been made in such actions are dissolved.

We are, therefore, of opinion that this action must be dismissed.